UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                                 Case No. 15-20362
-vs-                                          Hon: AVERN COHN

DR. GERALD DANESHVAR,

    Defendant.

_____/

## MEMORANDUM AND ORDER
## DENYING DEFENDANT'S MOTION FOR NEW TRIAL (Doc. 82)[1]

### I. Introduction

This is a criminal case. Defendant was convicted by a jury of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349.

Before the Court is defendant's motion for a new trial because the Court did not admit three pieces of evidence which defendant says were crucial to his defense. The defendant says this denied him the right to a fair trial. As will be explained, the evidence proffered was properly excluded. Accordingly, defendant's motion is DENIED.

### II. Background

The proofs at trial displayed a multi-person conspiracy involving Mobile Doctors at its center. Mobile Doctors and doctors including defendant and employees provided medical services to homebound patients. The doctors who rendered the medical

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See E.D. Mich. LR 7.1(f)(2).

services were paid by the government as part of the Medicare and Medicaid program. The doctors assigned their rights to payment to Mobile Doctors, which collected from the government, and in turn paid the doctors. All of this activity was reflected in a paper trail. Attached as Exhibit A is a chart explaining the Mobile Doctors' billing process.

The fraud was occasioned by the doctors over-billing for their services, and sometimes billing for services not rendered, as well as unnecessary tests.

### III. Legal Standard

Federal Rule of Criminal Procedure 33 governs a criminal defendant's motion for a new trial, which permits a district court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The rule does not define interest of justice and the courts have had little success in trying to generalize its meaning." United States v. Munoz, 605 F.3d 359, 373 (6th Cir. 2010). Nevertheless, "it is widely agreed that Rule 33's 'interest of justice' standard allows the grant of a new trial where substantial legal error has occurred," including "reversible error or violation of the defendant's substantial rights." Id. at 373-374.

### IV. Discussion

#### A.

The first piece of evidence defendant says should have been admitted was an e-mail exchange between the office manager of the Southfield, Michigan, office of Mobile Doctors and the owner of the company in Chicago. This piece of evidence was the subject of a memorandum by defendant (Doc. 72), and discussed in the record (Tr., Vol. 6, pp. 6-12). Particularly, the office manager was telling the owner that the employee doctors were "kept in the dark" about the over-billing for the services the doctors

2

rendered. The e-mail exchange was hearsay. It was not a business record, but rather a form of conversation. There was no evidence that defendant knew of the conversation. As such, it was properly excluded.

Further, as pointed out by the government in its brief in opposition to the motion:

> The evidence clearly showed that the defendant knew his visits did not qualify for the 40-minute visit codes, but he knew he was paid at only the top two codes because he received a paycheck chart * * * with each paycheck showing that he was only paid at the top two codes.

The information accompanying the doctor's pay is reflected in Exhibit B, attached.

In short, defendant is not entitled to a new trial based on the exclusion of the e-mail exchange.

## B.

Defendant's second line of attack is the Court's ruling that defendant's conduct following his employment by Mobile Doctors was inadmissible. Defendant sought to offer testimony that he did not commit fraud at his next place of employment and/or he changed his practice. Testimony to this effect was excluded because how defendant conducted himself as a doctor following his employment by Mobile Doctors was irrelevant to his conduct while employed by Mobile Doctors. See Tr., Vol. 6, pp. 38-40. The testimony was properly not admitted because post conduct has no bearing on what defendant knew at the time he was working at Mobile Doctors. Defendant is not entitled to a new trial on this ground.

## C.

The third item of evidence excluded were summary exhibits (DX 3313 and DX 3314) which displayed a comparison of defendant's conduct in contrast to other doctors

employed by Mobile Doctors in its Southfield office. They were not admitted because they had no probative value and were irrelevant. See Tr., Vol. 6, pp. 82-84. They were simply irrelevant. As the government says in its response brief:

> That another doctor had a higher per patient billing than the defendant is irrelevant to whether he knew his visits were being upcoded. The summary did not make any fact related to the defendant's knowledge of whether his visits were necessary or how they were billed more or less likely.

Thus, this evidence was properly excluded. Defendant is not entitled to a new trial for not having the summary admitted.

## V. Conclusion

The jury's verdict was not against the manifest weight of the evidence. The evidence at trial, as the government puts it, was overwhelming that defendant engaged in a conspiracy to charge the government for unnecessary services and tests, and the defendant knew it. The jury's verdict of guilty stands.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 5, 2017
      Detroit, Michigan