UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD DANESHVAR,

                      Petitioner,                    Case Number 19-13649

v.                                          Criminal Case Number 15-20362

                                             Honorable David M. Lawson

UNITED STATES OF AMERICA

                      Respondent.

_____/

## <u>ORDER DENYING PETITIONER'S MOTION FOR RELEASE ON BOND</u>

Following a jury trial, petitioner Gerald Daneshvar, a former physician, was convicted of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. The conviction was based on a scheme to overbill Medicare for visits to homebound patients. Daneshvar received a below-guidelines prison sentence of 24 months and was ordered to pay $900,000 in restitution. His conviction was affirmed on appeal. *United States v. Daneshvar*, 925 F.3d 766 (6th Cir. 2019). His scheduled release date is January 2021.

On December 11, 2019, Daneshvar filed a motion to vacate his sentence under 28 U.S.C. § 2255, in which he argues that his trial counsel was ineffective by failing to investigate and introduce evidence at trial, failing to call witnesses as part of his defense, failing to impeach government witnesses and object to *Brady* and *Kastigar* violations, and failing to raise relevant constitutional claims on appeal.

Before the Court is Daneshvar's motion for release on bond pending resolution of his section 2255 motion. The motion is based primarily on his fear of continued incarceration during the COVID-19 pandemic. Daneshvar has not satisfied the high standard for release on bond pending the outcome of his section 2255 motion. The motion will therefore be denied.

In order to secure release on bond pending a decision on the merits of a section 2255 motion, a petitioner must show that: (1) the section 2255 motion presents a "substantial claim of law based on the facts surrounding the petition;" and (2) circumstances which make the motion "exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Harlan, J., in chambers)).  The power to release a petitioner on bond should be exercised sparingly. *Ibid.*  "There will be few occasions where a prisoner will meet this standard."  *Ibid.*; *see also Wingo v. United States*, 341 F. App'x 132, 135 (6th Cir. 2009).   Because a habeas petitioner "is appealing a presumptively valid . . . conviction, . . . it will indeed be the very unusual case where a habeas petitioner is admitted to [bond] prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

Although Daneshvar argues that he is entitled to bond because his ineffective assistance of counsel claim has merit, the thrust of his motion is directed at the COVID-19 pandemic. Daneshvar says that he is a non-violent offender with diabetes, which, in the context of COVID-19, presents an exceptional circumstance justifying his release.

Objectively, the health risks posed by COVID-19 are abundantly clear. And no one disputes that the manner in which inmates are housed increases the risk of exposure to the novel coronavirus. See *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, Ctrs. for Disease Control* (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html.  However, Daneshvar has not provided any facts indicating that the facility where he is housed, FCI Morgantown, presents a significant specific danger.  In a letter attached to his motion, Daneshvar says that two guards at his compound have tested positive for

COVID-19 and he describes in general the close living conditions at Morgantown.  Daneshvar's letter is anecdotal and furnishes no insight on how Morgantown is handling inmates in light of this pandemic or proof as to the number of cases reported at the facility.

Daneshvar also says that he falls under a high-risk category because he suffers from diabetes.  Diabetes has been recognized as posing a potential greater risk from the virus.  See *People Who Are at Higher Risk for Severe Illness*, *Ctrs. for Disease Control and Prevention* (Mar. 31, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.  While Daneshvar may suffer from diabetes, the presence of this risk factor alone is insufficient to warrant his release.

A final point: the government in its response says that the Bureau of Prisons (BOP) plans to release Daneshvar to home confinement on April 30, 2020, unless he becomes symptomatic while in quarantine.  Under current BOP procedure, Daneshvar will be quarantined for 14 days prior to his release to home confinement.  Assuming the government's information is correct, Daneshvar will have entered quarantine as of April 16, 2020.  This, coupled with his anticipated release by the end of the month, will render Daneshvar's bond request moot in the coming days.

Accordingly, it is **ORDERED** that Daneshvar's request for release on bond (ECF No. 147) is **DENIED**.

s/David M. Lawson
DAVID. M. LAWSON
United States District Judge

Dated:   April 20, 2020

-3-